# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

MARCO PRECIADO-ROJAS,

        Petitioner,

    v.

T. JOHNS, Warden,

        Respondent.

CIVIL ACTION NO.: 5:16-cv-2

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marco Preciado-Rojas ("Preciado-Rojas"), who was previously housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 13.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Preciado-Rojas' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Preciado-Rojas leave to proceed *in forma pauperis*.

## BACKGROUND

Preciado-Rojas was convicted in the United States District Court for the Northern District of Georgia of illegal entry after deportation, in violation of 8 U.S.C. § 1326(a). (Doc. 13-1, pp. 16–17.) The Northern District of Georgia sentenced Preciado-Rojas to sixty-two months' imprisonment. (Id.)

In his Petition, Preciado-Rojas contends that the Bureau of Prisons ("BOP") has miscalculated his sentence. (Doc. 1.) Specifically, he contends that the BOP has not awarded

him the appropriate amount of jail credit toward the service of his federal sentence. Additionally, he suggests that he is entitled to credits toward his sentence under Willis v. United States, 438 F.2d 923 (5th Cir. 1971).

Respondent contends Preciado-Rojas has received all of the credit against his federal sentence to which he is entitled. (Doc. 13, pp. 6–8.) Respondent contends that the BOP already gave Preciado-Rojas credit for one of the periods of detention for which he seeks credit against his sentence. (Id. at pp. 5–6.) Additionally, Respondent maintains that any time that Preciado-Rojas spent in custody of Immigration and Customs Enforcement ("ICE") pending a civil deportation determination cannot be credited toward his sentence. (Id. at pp. 6–7.) Further, Respondent takes the position that 18 U.S.C. § 3585(b) prohibits the application of the some of the requested jail credit Preciado-Rojas seeks because the time at issue was already applied toward the service of a state sentence. (Id. at pp. 7–8.) Respondent also maintains that the BOP properly denied Preciado-Rojas Willis credits because his state and federal sentences were not concurrent.

## DISCUSSION

### I. Sentence Computation

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). 18 U.S.C. § 3585, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus *ad prosequendum* is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

The following facts regarding Preciado-Rojas' criminal history make the computation of his sentence less straightforward than some defendants:

- On December 29, 2011, Preciado-Rojas was arrested by the Roswell Police Department in Fulton County, Georgia, and charged with burglary, armed robbery, possession of a firearm during the commission of a felony, false imprisonment, and criminal damage to property in the second degree in Case No. 12SC106886. (Doc. 13-1, pp. 21–30.)

- The Roswell Police Department contacted the Department of Homeland Security for assistance in identifying Preciado-Rojas' alien status. (Id. at pp. 3–4.) Through record checks, Homeland Security determined that Preciado-Rojas had previously been deported from the United States on two occasions and that Preciado-Rojas' alien file indicated he had not applied for or received permission to reapply for admission into the United States following his deportation in 2007. (Id.)

- On July 31, 2012, the Fulton County charges were dismissed, and Preciado-Rojas was turned over to the custody of ICE on August 1, 2012. (Id. at pp. 21–30.)

- Preciado-Rojas was indicted on the aforementioned charges in the Northern District of Georgia on August 7, 2012. (Id. at p. 32.)

- On August 8, 2012, Preciado-Rojas was arrested by local authorities in Cobb County, Georgia, for burglary, armed robbery, false imprisonment, kidnapping, and conspiracy in Case No. 12-9-4063. (Id. at pp. 34–54.) The resulting Cobb County indictment also charged Preciado-Rojas with conspiracy to commit a series of home break-ins and burglaries in the Atlanta, Georgia, area. (Id.)

- On September 19, 2012, while in the custody of state authorities in Cobb County, Georgia, Preciado-Rojas was transported to answer the federal charges against him under a federal writ of habeas corpus *ad prosequendum*.  (Id. at p. 56.)

- On December 17, 2012, the United States District Court for the Northern District of Georgia sentenced Preciado-Rojas to the aforementioned sixty-two month term of imprisonment.  (Id. at pp. 16–19.)  After sentencing, federal authorities returned Preciado-Rojas to state authorities in Georgia with the federal Judgment and Commitment Order filed as a detainer.  (Id. at pp. 58–59.)

- On January 6, 2014, Preciado-Rojas pled guilty to committing burglary in his Cobb County case, and the other counts against him were dismissed.  (Id. at pp. 45–54, 60, 63.) The Superior Court of Cobb County sentenced him to a one-year sentence for that offense.  (Id. at pp. 5–6, 63.)  Because he received credit against this state sentence for time served, his state sentence ended on August 7, 2013—one year from the date of his arrest on August 8, 2012.  Id.

- On January 8, 2014, the state authorities released Preciado-Rojas from state custody and into the custody of the United States Marshals.  (Id. at pp. 6, 58–60.)

The BOP conducted a sentence computation based on a 62-month term of imprisonment commencing on January 8, 2014—the day Preciado-Rojas was released to the exclusive custody of federal authorities.  (Doc. 13-1, pp. 17–18, 67–68.)  In this computation, the BOP awarded Preciado-Rojas 371 days of jail credit.  (Id.)  Specifically, they awarded credit against his federal sentence for the following periods:

- December 29, 2011, (the date of initial arrest by state authorities in Fulton County Georgia), through August 1, 2012, (the day he was turned over to ICE detention);

- The single day of August 7, 2012, (the day of his federal arraignment); and

- August 8, 2013, (the day after completion of his Cobb County sentence), through January 7, 2014, (the day before he was in exclusive federal custody).

(Id.)

Preciado-Rojas has already received prior custody credit for December 29, 2011, through August 1, 2012, and for the day of August 7, 2012. Thus, the Court need not delve deeply into his claims that the BOP did not take these days into account during its sentencing computation, (doc. 1, p. 10), as those claims are clearly without merit. However, the Court will assess his claims for credit for other days for which the BOP did not give Preciado-Rojas credit.

### A. Preciado-Rojas' Claim for Time Credited Against his State Sentence (August 8, 2012, through August 7, 2013)

"A federal district court reviews for abuse of discretion the BOP's decision under § 3585 regarding commencement of a federal sentence and the grant of credit for prior custody." Paradis v. Keller, No. 1:10-CV-2354-TWT-AJB, 2011 WL 2790480, at *4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, No. 1:10-CV-2354-TWT, 2011 WL 2790472 (N.D. Ga. July 14, 2011). To determine whether Preciado-Rojas is entitled to any more credit against his federal sentence, the court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

As noted above, Preciado-Rojas' federal sentence commenced on January 8, 2014, the date the United States Marshals Service obtained exclusive custody of him. 18 U.S.C. § 3585(a). Also as noted above, for a portion of the time that he was primarily in state custody before that date, December 29, 2011, through August 1, 2012, Preciado-Rojas already received credit from the BOP against his federal sentence. However, for all days between August 8, 2012, through August 7, 2013, state authorities gave Preciado-Rojas credit against his state sentence. Preciado-Rojas cannot receive credit against his federal sentence for these dates because, to credit Preciado-Rojas with these dates, would be to give him "double credit", which is prohibited by 18 U.S.C. § 3585(b). Therefore, the Court should **DENY** this portion of Preciado-Rojas' Petition.

**B.      Preciado-Rojas' Claim for Time Spent in ICE Custody (August 2, 2012, through August 6, 2012)**

Program Statement 5880.28 of the Sentence Computation Manual-CCCA of 1984 implements the statutory mandate of Section 3585 and provides, in relevant part, "Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service ("INS")[1] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability.  An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention"[2] pending criminal charges.</u>"  Program Statement 5880.28, Page 1-15A, www.bop.gov/policy/progstat/5880_028.pdf (emphasis in original); (Doc. 13-1, p. 28.) This Program Statement references cases for the proposition that a deportation determination is a civil matter and is not considered "official detention" within the meaning of Section 3585 or the

---

[1]  "Pursuant to a 2003 reorganization of the Department of Homeland Security, the former INS was merged with elements of the United States Customs Service to create ICE."  <u>Baselet v. Lappin</u>, No. CV 311-097, 2012 WL 1167142, at *3 (S.D. Ga. Mar. 7, 2012), *report and recommendation adopted*, 2012 WL 1166960 (S.D. Ga. Apr. 9, 2012).

[2]  "Official detention" is defined "as time spent under a federal detention order."  Program Statement 5880.28, Page 1-14F, www.bop.gov/policy/progstat/5880_028.pdf.

Program Statement. <u>See, e.g.</u>, <u>Ramirez-Osorio v. INS</u>, 745 F.2d 937, 944 (5th Cir. 1984) ("A deportation proceeding is a civil, not criminal, action.") (citing <u>INS v. Lopez-Mendoza</u>, 468 U.S. 1032, 1042–43 (1984)); <u>Shoaee v. INS</u>, 704 F.2d 1079 (9th Cir. 1983); <u>Cabral-Avila v. INS</u>, 589 F.2d 957, 959 (9th Cir. 1978) ("The deportation proceeding, despite the severe consequences, has consistently been classified as a civil, rather than a criminal matter."). Additionally, other courts have ruled that deportation proceedings are civil rather than criminal in nature. <u>United States v. Noel</u>, 231 F.3d 833, 837 (11th Cir. 2000) (per curiam); <u>Barthold v. United States INS</u>, 517 F.2d 689, 691 (5th Cir. 1975); <u>see also</u> <u>Reno v. Koray</u>, 515 U.S. 50, 61 (1995) ("[C]redit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' § 3621(b), and who were subject to BOP's control."); <u>Sanchez v. Kruger</u>, Civil No. 3:CV-13-2025, 2014 WL 6886240, at *2 (M.D. Penn. Dec. 4, 2014) ("[G]enerally speaking, time spent in ICE custody awaiting the outcome of removal proceedings is not time in official detention that must be credited towards service of a federal detention under § 3585(b)(1).").

Preciado-Rojas was being held in ICE custody pending civil deportation proceedings between August 2, 2012, and August 6, 2012. Time spent in ICE administrative custody is not spent "pending a civil deportation determination" where the detention is a "mere ruse[] to detain a defendant for later criminal prosecution." <u>Noel</u>, 231 F.3d at 836. However, this exception "should only be applied when 'the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution.'" <u>Id.</u> (citing <u>United States v. De La Pena-Juarez</u>, 214 F.3d 594, 598 (5th Cir. 2000)). Preciado-Rojas fails to offer any evidence to suggest that his ICE administrative custody was a ruse to detain him for criminal prosecution. As explained above, the BOP's Program Statement and the applicable statutes and

case law support Respondent's position that Preciado-Rojas was being held in ICE administrative custody for disposition of civil proceedings unrelated to his eventual conviction on the criminal charge of illegal reentry. Consequently, Preciado-Rojas was not held in "official detention" from August 2, 2012, to August 6, 2012, and thus, is not entitled to the credit he seeks for those days.

For all of these reasons, I **RECOMMEND** the Court **DENY** this portion of Preciado-Rojas's Section 2241 Petition.

### C.     Preciado-Rojas' Claim for <u>Willis</u> Credits

Preciado-Rojas suggest that he should be given double credit for his state sentence under the limited exception to Section 3585(b)'s rule against double credit, in accordance with the decision in <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971). (Doc. 1, p. 10.) Pursuant to <u>Willis</u>, the BOP will award an amount of non-federal presentence credit under certain circumstances. <u>See, e.g.</u>, <u>Bradley v. Rathman</u>, No. 1:10-CV-3053-VEH-RRA, 2012 WL 3999861, at *3 (N.D. Ala. Aug. 20, 2012), *report and recommendation adopted*, No. 1:10-CV-3053-VEH-RRA, 2012 WL 4006334 (N.D. Ala. Sept. 10, 2012); <u>Lemons v. Quintana</u>, No. 08-87 Erie, 2010 WL 4388066, at *9 n.12 (W.D. Pa. Oct. 29, 2010). The viability of <u>Willis</u> credits has been called into question following statutory amendments. <u>See</u> <u>Dupree v. Warden-FCI Miami</u>, No. 13-24413-CIV, 2014 WL 11456077, at *6 (S.D. Fla. Sept. 9, 2014) ("The so-called <u>Willis</u> exception has thus arguably been superseded by statute."), *report and recommendation adopted sub nom.*, <u>Dupree v. Miami</u>, No. 13-24413-CIV, 2014 WL 11460907 (S.D. Fla. Sept. 30, 2014). Regardless, the <u>Willis</u> exception requires, among other conditions, that the federal sentence be concurrent to the state sentence. Because Preciado-Rojas' federal sentence was not imposed as concurrent to any state sentence, he does not qualify for the <u>Willis</u> exception. <u>See</u> <u>Dupree</u>, No.

13-24413-CIV, 2014 WL 11456077, at *7 ("More importantly, perhaps, Petitioner does not fit within the Willis exception for another reason; that is, because his state and federal sentences are not concurrent."); Hearing v. Keller, No. 1:11-CV-2659-WSD-RGV, 2011 WL 6755139, at *3 (N.D. Ga. Nov. 8, 2011), *report and recommendation adopted, as modified*, No. 1:11-CV-2659-WSD, 2011 WL 6755199 (N.D. Ga. Dec. 22, 2011) (petitioner does not qualify for Willis exceptions because his federal sentence is consecutive to his state sentence). Thus, the Court should also **DENY** this portion of Preciado-Rojas' Petition.

## III.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Preciado-Rojas leave to appeal *in forma pauperis*. Though Preciado-Rojas has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Preciado-Rojas' Petition and the related pleadings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

The BOP did not make any error, much less abuse its discretion, in calculating Preciado-Rojas' sentence. He is not entitled to any more credit against his federal sentence than he has already received. Thus, I **RECOMMEND** that the Court **DENY** Preciado-Rojas' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Preciado-Rojas leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Preciado-Rojas and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of September, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA